

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-26-00157-CV

_____

IN THE INTEREST OF R.D., A CHILD

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 68851-C, Honorable Jack M. Graham, Presiding

April 13, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, J.H., appeals from the trial court's order terminating his parental rights to his child, R.D.[1]  The reporter's record was due on March 23, 2026, but was not filed. By letter of March 26, 2026, we notified the reporter that the record was overdue and directed her to advise this Court of the status of the record by April 6, 2026.  The reporter has not filed the record or had any further communication with this Court to date.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings.  *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. R. APP. P. 9.8(b).

responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than twenty days to from the date of this order to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record. Due to the time-sensitive nature of an appeal from a parental termination order, the supplemental clerk's record shall be filed with the Clerk of this Court **by April 23, 2026**. *See* TEX. R. JUD. ADMIN. 6.2(a).

Should the reporter file the record on or before the date the trial court acts per our directive, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

2